IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE BEAGLES,

    Plaintiff,

v.                                                                       Civ. No. 16-506 KG/CG

GEORGE WATKINS, STATE OF NEW MEXICO
WORKFORCE SOLUTIONS, JOEL SAAVEDRA,
AND U.S. DEPARTMENT OF LABOR WAGE
AND HOUR DIVISION,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court upon Defendants Joel Saavedra and the U.S. Department of Labor Wage and Hour Division (DOL)'s Motion to Dismiss and supporting memorandum (collectively, Motion to Dismiss) brought under Fed. R. Civ. P. 12(b)(1) and (6), and filed on June 10, 2016. (Docs. 4 and 5). Plaintiff Eddie Beagles filed his Response and Memorandum in Opposition to Defendant's [sic] Motion to Dismiss on June 22, 2016. (Docs. 8 and 9). Mr. Saavedra and the DOL filed a reply on July 11, 2016. (Doc. 15). Defendants claim that the Court lacks subject matter jurisdiction because Mr. Saavedra is not a proper defendant and Plaintiff has not exhausted his administrative remedies under the Freedom of Information Act (FOIA). (Doc. 5) at 2. Having considered the parties' arguments and applicable law, the Court grants, in part, and denies, in part, the Motion to Dismiss. Specifically, the parties agree that Mr. Saavedra is an improper party, so the Motion to Dismiss is granted as to Defendant Joel Saavedra. The Motion to Dismiss is denied, however, as to the DOL because Plaintiff exhausted his administrative remedies.

I.   Background

Plaintiff submitted a request under FOIA to the DOL on September 3, 2013. (Doc. 5) at 1. The request sought information about Plaintiff and his former employer, the New Mexico Department of Workforce Solutions, and was directed to Joel Saavedra's attention. *Id.* Mr. Saavedra was a DOL employee. *Id.* On September 23, 2013, Mr. Saavedra responded to Plaintiff's request on behalf of the DOL. *Id.* In its response, the DOL provided copies of a number of documents the DOL deemed properly disclosable. *Id.* (citing (Doc. 1-2) at 9-11). However, the DOL correspondence noted that the DOL withheld approximately 18 documents under specific FOIA exemptions. *Id.* Plaintiff submitted a letter appealing the DOL's decision to withhold the 18 documents on December 15, 2013. *Id.* at 4. On January 14, 2014, the DOL sent Plaintiff a letter acknowledging receipt of the appeal and informing Plaintiff that the appeal was being processed. *Id.* at 5. A year went by and Plaintiff received no further information from the DOL, so on January 29, 2015, Plaintiff sent another letter, this time through counsel, requesting information on the status of his appeal. (Doc. 9) at 1. Plaintiff received no response. *Id.* Plaintiff argues that by filing an appeal and receiving no response for more than two years, he constructively exhausted his administrative remedies. The Federal Defendants counter that Plaintiff has not exhausted his administrative remedies because his appeal remains ongoing. (Doc. 5) at 5.

II.   Standard of Review

Federal Defendants seek dismissal of Plaintiff's claims under Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). (Doc. 5) at 3. When a defendant seeks to dismiss a claim under both Rules 12(b)(1)

and 12(b)(6), Plaintiff must first carry the burden of proving the Court has jurisdiction. *Mounkes v. Conklin*, 922 F.Supp. 1501, 1505 (D. Kan. 1996). The Tenth Circuit has held that "the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so." *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1182 (10th Cir. 2011) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C.C. 2003)). So while "exhaustion remains a hurdle that FOIA plaintiffs must general clear in order to obtain relief through the courts...[i]t is just not a jurisdictional hurdle." *Id.* at 1183. Accordingly, dismissal pursuant to Rule 12(b)(1) is not warranted.

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring plaintiffs to "nudge[] their claims across the line from conceivable to plausible").

III. Discussion: Exhaustion of Administrative Remedies

FOIA creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied. 5 U.S.C. § 552(a)(3). However, a person requesting information under FOIA is required to exhaust administrative

3

remedies prior to filing suit in federal court. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 61 (D.C.C. 1990) (requiring plaintiff administratively appeal even untimely agency responses). Exhaustion allows the agency to have the full opportunity to exercise its discretion and expertise, and to make a factual record to support that discretion. *Id.* (explaining FOIA ensures agencies benefit of full administrative process before suit can be filed).

Plaintiff sent a letter to the DOL on December 15, 2013, appealing the agency's decision to withhold certain documents under statutory exemptions. (Doc. 1-3) at 1-2. The DOL responded to Plaintiff's appeal on January 14, 2014, by acknowledging receipt of the appeal and noting that it was "being processed." *Id.* at 3. According to Plaintiff, the DOL still has not made a determination on the appeal from December 15, 2013, more than 2 years later, and that the DOL's failure to do so in a timely matter violates the FOIA, allowing Plaintiff the opportunity to proceed with his claim in federal court. *Id.* In other words, Plaintiff argues that he constructively exhausted his administrative remedies. *Id.* Specifically, Plaintiff contends that FOIA "recognizes a constructive exhaustion doctrine for the purposes of judicial review upon the expiration of certain relevant FOIA deadlines." (Doc. 9) at 3 (quoting *Nurse v. Sec'y of the Air Force*, 231 F.Supp.2d 323, 328 (D.D.C. 2002)).

The DOL argues that FOIA "only requires a *response* to a FOIA request within the [twenty]-day period, not production of the requested documents." (Doc. 15) at 3 (emphasis added) (quoting *Navistar, Inc. v. U.S. EPA*, 2011 WL 3743732, at *4 (D.D.C.)). The DOL claims that its January 14, 2014, correspondence indicating the appeal was being processed satisfied FOIA's notification requirement. *Id.* The DOL argues that Plaintiff's appeal remains ongoing, therefore, he has failed to exhaust his administrative remedies and is precluded from

4

pursuing judicial review. (Doc. 5) at 5.

   A.  *Prudential Consideration*

The Tenth Circuit has described exhaustion under FOIA as "a prudential consideration rather than a jurisdictional prerequisite." *Hull*, 656 F.3d at 1181-82 (citation omitted). Here, Plaintiff availed himself of the right to appeal the DOL's decision to withhold documents. (Doc. 1-2) at 12. More than two years passed without any response from the DOL addressing whether it would release any additional information or deny the appeal outright. (Doc. 9). Because exhaustion is a prudential consideration and the purposes of exhaustion have been served (i.e. the agency has had a full opportunity to exercise its discretion and expertise and to make a factual record to support its discretion, even if the DOL has chosen not to do so), the Court should now have the opportunity to decide the FOIA claims on the merits.

   B.  *Statutory Consideration*

"Any person making a request to any agency for records…shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply within the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C). Upon a request for records, agencies are required to determine whether to comply with the request within 20 days of receipt and to "immediately" notify the requestor. 5 U.S.C. § 552(a)(6)(A). "FOIA commands that a federal agency 'promptly' make records available upon a request which 'reasonably describes such records and…is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *Pollack*, 49 F.3d at 118 (citing 5 U.S.C. § 552(a)(3)). Agencies are provided the same timeframe, 20 days, to "make a *determination* with respect to any appeal." 5 U.S.C. § 552(a)(6)(A)(ii) (emphasis added).

5

The DOL clearly responded to Plaintiff's appeal within the statutory time period of 20 days (excluding weekends and holidays). (Doc. 1-3) at 3. However, there is nothing in the agency's response to indicate that the DOL made a determination whether to produce additional documents or deny Plaintiff's appeal. *Id.* The DOL letter simply indicates that the appeal was received, that appeals were being handled on a "first-in first-out basis," and that there were a "substantial" number of appeals awaiting review and decision. *Id.* Moreover, the DOL did not respond at all to Plaintiff's correspondence dated January 29, 2015, seeking information on the status of the appeal, nor has the DOL provided any additional information. (Doc. 9) at 1.

While the Court agrees that the statute does not require actual production of documents within the statutory time frame, the Court notes that the statute *does* require the agency to "make a *determination* with respect to any appeal." 5 U.S.C. § 552(a)(6)(A)(ii) (emphasis added). The Court agrees with Plaintiff's argument that the DOL's response, indicating mere receipt of the appeal, is insufficient to satisfy the statute's requirement that the agency make a *determination* on the appeal and communicate that determination to the requester.

"Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion to a proper FOIA request, it may not insist on the exhaustion of administrative remedies, *see* 5 U.S.C. § 552(a)(6)(C), unless the agency responds to the request before suit is filed." *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995) (citing *Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C.C. 1990). Even when Congress extended the time limit for responding to FOIA requests from 10 days to 20 days, it expressed concerns about agencies delaying their responses. *Gilmore v. United States Dep't of Energy*, 33 F.Supp.2d 1184, 1187 (N.D. Cal. 1998) (explaining Congress "took these deadlines very seriously" and expected timely agency responses). The

increase Congress made in time limits to make them more realistic signaled the priority Congress placed on agency compliance with the time limits. *Id.* "All of this strongly suggests that an agency's failure to comply with the FOIA's time limits is, by itself, a violation of FOIA…." *Id.* (citation omitted). Courts have found an agency's failure to promptly respond to a plaintiff's appeal grounds for exhaustion. *Elkins v. Federal Aviation Administration*, 65 F.Supp.3d 194, 198 (2014) (finding requester who waited more than 20 days after filing administrative appeal before filing suit sufficiently exhausted administrative remedies); *New York Times Co. v. U.S. Dep't of Labor*, 340 F.Supp.2d 394, 399 (2004) (determining DOL's failure to grant or deny request for disclosure amounted to denial for purposes of FOIA where requester waited for information for nearly 2 years); *Maricopa Audubon Soc. v. U.S. Forest Service*, 923 F.Supp. 1436, 1442 (1995) (stating that if agency fails to comply with applicable time limit provisions, requesting party shall be deemed to have exhausted administrative remedies and may bring suit); *Stabasefski v. United States*, 919 F.Supp. 1570, n. 1 (1996) (holding that court had subject matter jurisdiction where agency failed to respond to appeal within 30 days, resulting in constructive exhaustion of administrative remedies).

Still, an agency can overcome the statute's narrow timeframe by sending an interim letter to the requester explaining any delay in processing the FOIA request. *Brumley v. United States Dep't of Labor*, 767 F.2d 444, 445 (8th Cir.1985) (permitting untimely agency response where agency sent notice request forwarded and delay expected). Where the delay beyond the statutory period is brief, the defense of failure to exhaust administrative remedies will not be deemed waived by the agency under Section 552(a)(6)(C)). *Id.* However, the extension envisioned by the statute is a mere 10 days. 5 U.S.C. § 552(a)(6)(B). If the agency fails to respond within the

7

applicable time limit, i.e. 30 days, the requester will be allowed to pursue judicial remedies absent "exceptional circumstances" and a showing by the agency that it is "exercising due diligence in responding to the request." *Id.* at § 552(a)(6)(C). In the present case, more than 30 days have passed. Moreover, the Court finds no evidence of exceptional circumstances requiring additional time. Likewise, given the substantial amount of time that has elapsed since Plaintiff filed his appeal, the Court sees no indication that the DOL has exercised anything remotely resembling due diligence in responding to this request.

In FOIA cases, the agency bears the ultimate burden of proof. *See United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, n. 3 (1989). "At all times courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure'…." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C.C. 2002) (quoting *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)). Here, the DOL has had more than 2 years to provide a final determination on Plaintiff's appeal. To allow a simple acknowledgment of receipt of an appeal to satisfy the agency's statutory requirements, without any determination on the merits, thus preventing Plaintiff from exhausting his administrative remedies creates a Catch-22. *See, e.g., Citizens for Responsibility & Ethics in Wash. v. Fed. Elec. Comm'n*, 711 F.3d 180, 281 (D.C.C. 2013),[1] stating, "the agency could process the request at its leisure, free from any timelines. All the while, the agency's actions would remain immune from suit because the requester would not yet

---

[1] In *Citizens*, the Court held that FOIA required that within the relevant time period, the agency must at least inform the requester of some determination in order to trigger the administrative exhaustion requirements. *Id.* at 277. Unlike the present case, *Citizens* involved an agency's failure to respond to the initial FOIA request rather than the requester's appeal. *Id.* at 278. However, the untenable position of the requester is the same in *Citizens* and the present case: both are essentially stuck without a remedy because the agency will not make a determination and without a determination, the requester cannot exhaust his administrative remedies.

have been able to appeal and exhaust administrative remedies." This lack of diligence directly contradicts FOIA's primary purpose: "to open agency action to the light of public scrutiny." *United States Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 772 (1989). Accordingly, the Court finds that Plaintiff has done everything he could to comply with FOIA's requirements, and in so doing, has exhausted his administrative remedies.

IT IS ORDERED that the Motion to Dismiss (Doc. 4) is granted, in part, and denied, in part. The motion is granted as to Defendant Joel Saavedra and he is dismissed entirely from this matter with prejudice. His name will be stricken from the caption of this case. The Motion to Dismiss is otherwise denied in that Plaintiff has exhausted his administrative remedies.

_____
UNITED STATES DISTRICT JUDGE