IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE BEAGLES,

    Plaintiff,

v.                                                                         Civ. No. 16-506 KG/CG

GEORGE WATKINS, STATE OF NEW MEXICO
WORKFORCE SOLUTIONS, JOEL SAAVEDRA,
AND U.S. DEPARTMENT OF LABOR WAGE
AND HOUR DIVISION,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court upon Defendant New Mexico Department of Workforce Solutions (NMDWS)'s Motion for Summary Judgment and supporting memorandum, filed January 17, 2017. (Docs. 18 and 20). NMDWS also filed an Affidavit of Elizabeth A. Garcia on January 17, 2017. (Doc. 19). On March 1, 2017, NMDWS filed a Supplemental Motion for Summary Judgment. (Doc. 22). The filings are collectively referred to herein as the "Motion for Summary Judgment." Pursuant to the Supplemental Notice of Completion filed March 14, 2017, the time for Plaintiff to respond has expired and the motion is now fully briefed. (Doc. 23).

NMDWS argues in the Motion for Summary Judgment that there is no genuine issue as to any material fact regarding Plaintiff Eddie Beagles' claims against NMDWS and NMDWS is entitled to judgment as a matter of law. (Doc. 18) at 1. Having considered the arguments and applicable law, the Court grants the Motion for Summary Judgment. NMDWS is dismissed entirely from this matter and its name shall be stricken from the caption of this case.

I. <u>Background</u>

In his Complaint, Plaintiff alleges that he submitted a request to NMDWS pursuant to the New Mexico Inspection of Public Records Act (IPRA) and that "Defendant George Watkins" breached his duty to respond to the request within 15 days. (Doc. 1-2) at 5. NMDWS argues that Plaintiff actually submitted four IPRA requests and NMDWS staff properly answered each of Plaintiff's requests. (Doc. 20) at 3. Moreover, NMDWS notes that NMDWS has never employed anyone by the name George Watkins and that no one by that name ever had any responsibility for answering IPRA requests. *Id.*

According to NMDWS, Elizabeth Garcia was the designated custodian for responding to IPRA requests on behalf of NMDWS at the time in question. *Id.* at 3-4. In her affidavit, Ms. Garcia stated that NMDWS received four IPRA requests from Plaintiff and she responded on behalf of NMDWS to each of Plaintiff's requests as described in greater detail below. (Doc. 19).

(1) Plaintiff's first IPRA request was dated September 30, 2013. *Id.* at ¶ 4. NMDWS received the request on October 4, 2013, and sent its response the same day, stating that it did not have any of the records Plaintiff requested. *Id.*

(2) Plaintiff's second IPRA request was dated October 15, 2013. *Id.* at ¶ 5. NMDWS received the request on October 16, 2013. *Id.* NMDWS sent its response on October 30, 2013, informing Plaintiff that additional time was needed but that the agency would respond no later than November 15, 2013. *Id.* at ¶ 7. On November 13, 2013, NMDWS sent a letter informing Plaintiff that it did not possess many of the documents he requested, but that the documents that were in its possession would be made available to Plaintiff at a cost of $6.00. *Id.* at ¶ 9. Plaintiff paid the fee on November 21, 2013, evidenced by a dated receipt. *Id.* at ¶ 10. The requested

records were then mailed to Plaintiff. *Id.* Plaintiff never indicated to Ms. Garcia or anyone else at NMDWS that he did not receive the requested records in the mail. *Id.* at ¶ 11.

(3) Plaintiff's third IPRA request was dated October 25, 2013. *Id.* at ¶ 6. NMDWS responded to the request on October 30, 2013, declaring that it did not have any of the documents Plaintiff described in his request. *Id.* at ¶ 8.

(4) Plaintiff's final IPRA request was dated June 22, 2014. *Id.* at ¶ 12. NMDWS responded on July 16, 2014, informing Plaintiff that the requested records had been copied at a cost of $89.75. *Id.* at ¶ 13. Plaintiff paid the costs and received a receipt dated July 23, 2014. *Id.* at ¶ 14. The records were mailed to him. *Id.* Again, Plaintiff never indicated to Ms. Garcia or anyone else at NMDWS that he did not receive the requested records in the mail. *Id.* at ¶ 15.

II.  Standard of Review

Summary judgment is appropriate if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the moving party meets its initial burden and demonstrates the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to set forth specific facts to establish that a genuine issue exists for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

3

III. <u>Discussion</u>

Here, NMDWS (as the party seeking summary judgment) has carried its burden of identifying and demonstrating the absence of genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). NMDWS carried this burden by showing a clear record of its receipt of Plaintiff's requests and its subsequent response to each of those IPRA requests. Therefore, as the party opposing summary judgment, Plaintiff then bears the burden of setting forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 250. The bare allegations in Plaintiff's Complaint, even viewed in the light most favorable to Plaintiff, are simply insufficient to demonstrate a genuine dispute as to any material fact. Moreover, Plaintiff provided no factual or legal argument to dispute the claims NMDWS made in its Motion for Summary Judgment. D.N.M. LR-Civ. 7.3. Indeed, the documentation before the Court plainly contradicts Plaintiff's claim that NMDWS failed to respond to his IPRA request. Furthermore, Plaintiff does not challenge NMDWS determination to withhold documents under the claimed exceptions, and there is no indication prior to filing this lawsuit that Plaintiff attempted to complain about the lack of production or appeal the NMDWS's determination about which documents to produce. For all these reasons, the Court finds that summary judgment should be granted in favor of NMDWS.

IT IS ORDERED that the New Mexico Department of Workforce Solutions' Motion for Summary Judgment is granted. Thus, summary judgment is entered in favor of NMDWS. NMDWS will be dismissed entirely from this matter and its name shall be stricken from the caption of this case.

_____
UNITED STATES DISTRICT JUDGE