IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE BEAGLES,

    Plaintiff,

v.                                                                                 CV No. 16-506 KG/CG

U.S. DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Plaintiff's Motion for Summary Judgment*, (Doc. 34), filed October 18, 2018; *Defendants' Response to Plaintiff's Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment*, (Doc. 35), filed November 8, 2018; *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment*, (Doc. 40), filed December 21, 2018; and *Defendants' Reply to Plaintiff's Response to Defendant's Cross Motion for Summary Judgment*, (Doc. 43), filed March 5, 2019. Having considered the briefs, the record of the case, and relevant law, *Plaintiff's Motion for Summary Judgment*, (Doc. 34), is DENIED, *Defendants' Cross Motion for Summary Judgment*, (Doc. 35), is GRANTED, and Plaintiff's claims are DISMISSED as set forth below.

I.     Background

On September 3, 2013, Plaintiff submitted a request to the U.S. Department of Labor Wage and Hour Division ("Defendant") pursuant to 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"). (Doc. 1-2 at 8). Plaintiff asked for documents and materials about a charge he

brought against his former employer, the New Mexico Department of Workforce Solutions ("NMDWS"), and the resulting correspondence between NMDWS and Defendant. *Id.*

On September 23, 2013, Defendant responded to Plaintiff's request by providing 80 pages of disclosable documents, which were partially redacted, and stating it was withholding 18 documents in their entirety. *Id.* at 9. Defendant stated the information that was withheld was exempt from disclosure pursuant to FOIA Exemptions 4, 5, 6, 7(c), 7(d), and 7(e). *Id.* at 9-10 (citing 5 U.S.C. §§ 552(b)(4), (5), (6), and (7)). Defendant explained that Exemption 4 protects "trade secrets, commercial, or financial information obtained from a person that is privileged or confidential," and that, before releasing this information, Defendant must go through the "EO 12600 process." *Id.* at 10.[1] Defendant further explained that this process requires advising the submitter of the confidential information of the FOIA request and "soliciting views as to whether the disclosure would cause substantial harm if the information is released." *Id.* Therefore, Defendant instructed Plaintiff to notify Defendant if he wished to obtain documents pursuant to the EO 12600 process. *Id.*

In addition to explaining the EO 12600 process for information withheld under Exemption 4, Defendant advised Plaintiff that he could appeal Defendant's decision to withhold information under the other exemptions by filing an appeal with the Solicitor of Labor within 90 days. *Id.* at 11. Defendant explained the appeal must: (1) state, in writing, the grounds for the appeal, including any supporting statements or arguments; (2) be addressed to the Solicitor of Labor in Washington, D.C.; and (3) be clearly marked "Freedom of Information Act Appeal" on the envelope and letter of appeal itself. *Id.*

---

[1] Executive Order 12,600, titled "Predisclosure Notification Procedures for Confidential Commercial Information," requires government agencies to notify companies if any potentially confidential commercial information has been requested under FOIA and give them an opportunity to object. Exec. Order No. 12,600, 52 Fed. Reg. 23781 (June 23, 1987).

On October 1, 2013, Plaintiff sent a letter to Defendant "to request the additional documents covered by EO 12600 process." *Id.* at 12. Plaintiff stated that he would like the information contained in "Exemption 4-All, Exemption 5-All, Exception [sic] 7/c." *Id.* On December 5, 2013, Defendant responded to Plaintiff's request by stating that Exemptions 5 and 7(c) are not part of the EO 12600 process and providing documents that had been withheld pursuant to Exemption 4. *Id.* at 13. Because portions of these documents were still redacted under Exemption 7(c), Defendant informed Plaintiff that his request was denied in part. Therefore, Defendant again explained that Plaintiff could file an appeal with the Solicitor of Labor within 90 days and set forth the requirements for the appeal process, *i.e.*, stating in writing the grounds for the appeal, addressing the appeal to the Solicitor of Labor in Washington, D.C., and clearly marking "Freedom of Information Act Appeal" on the envelope and letter of appeal. *Id.* at 14.

On December 15, 2013, Plaintiff sent a letter to Defendant titled "Freedom of Information Act Appeal." (Doc. 1-3 at 1). Plaintiff stated he was appealing Defendant's decision to redact and withhold information in four documents, which Plaintiff titled Exhibits A-D and attached to his letter. Plaintiff stated that portions of Exhibits A, C, and D should not have been redacted, and that the two lists described in Exhibit B should have been provided to him. *Id.* at 1-2; (Doc. 35-6 at 1-6). Defendant responded to Plaintiff's appeal on January 14, 2014, stating it had received the appeal and it was being processed. (Doc. 1-3 at 3).

Plaintiff states that in January 2015 he hired an attorney to inquire as to the status of his appeal. (Doc. 34 at 2, ¶ 6). On May 5, 2016, Plaintiff filed his Complaint in state court and, on June 1, 2016, Defendant removed the case to this Court. (Doc. 1). On September 6, 2017, the Court dismissed Defendant Saavedra as an improper party, and found that Plaintiff had

3

exhausted his administrative remedies as to Defendant U.S. Department of Labor Wage and Hour Division. (Docs. 24, 26). The Court also granted NMDWS's motion for summary judgment and dismissed NMDWS from the case. (Docs. 25, 27).

On September 5, 2018, Defendant sent Plaintiff seven pages of documents in response to Plaintiff's FOIA appeal. (Doc. 34 at 2, ¶ 10); (Doc. 35 at 3, ¶ 12); (Doc. 35-8 at 1-7). These documents were identical to Exhibits A-D of Plaintiff's December 15, 2013 letter, but with fewer redactions, and included the two lists described in Exhibit B. *Compare* (Doc. 35-6 at 1-6) *with* (Doc. 35-8 at 1-7). In addition, on September 14, 2018, Defendant sent Plaintiff a *Vaughn* index, which explained the documents were redacted pursuant to Exemption 6. (Doc. 35-9 at 1-2).

In his Motion for Summary Judgment, Plaintiff contends Defendant improperly withheld 18 documents in response to his FOIA request. (Doc. 34 at 4). He challenges the exemptions Defendant applied to the 18 documents, and states that Defendant failed to identify whether the seven pages it produced on September 5, 2018, were part of the 18 documents that were initially withheld. *Id.* at 4-10. Plaintiff asks the Court to "either review the 18 documents to see if any of the FOIA exemptions apply, or order their production." *Id.* at 10. In addition, Plaintiff asks the Court to award him attorney's fees and costs. *Id.* at 10-11.

In its Response/Cross Motion for Summary Judgment, Defendant states that the only remaining issue in this case is whether Plaintiff is entitled to unredacted copies of the seven pages Defendant produced on September 5, 2018. (Doc. 35 at 3-4, 7). Defendant contends these are the only documents that were the subject of Plaintiff's FOIA appeal, and that Plaintiff did not appeal any of the remaining documents that were withheld in response to his FOIA request. *Id.* Defendant also argues it properly and lawfully redacted the seven pages pursuant to Exemption 6, and that Plaintiff's request for attorney's fees is premature. *Id.* at 7-11.

In his Reply/Response to Defendant's Cross Motion for Summary Judgment, Plaintiff states that he appealed Defendant's decision to withhold 18 documents and redact 33 pages in response to his FOIA request. (Doc. 40 at 1). Plaintiff argues Defendant has failed to meet its burden under FOIA to demonstrate it properly withheld information, and that the seven pages Defendant produced on September 5, 2018, do not fully address Plaintiff's FOIA appeal. *Id.* at 1-3. In Defendant's Reply to its Cross Motion for Summary Judgment, Defendant reiterates that the only documents at issue are Exhibits A-D attached to Plaintiff's FOIA appeal, and that Defendant properly redacted those documents pursuant to Exemption 6. (Doc. 43 at 6-9).

II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the non-moving party. *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). In considering a summary judgment motion, the court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

A party seeking summary judgment bears the initial burden of showing that there is no genuine dispute as to a material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When that party does not have the burden of persuasion at trial, it can satisfy its burden at the summary judgment stage by identifying a lack of evidence on an essential element of the claim. *Id.* at 671. If the movant satisfies its burden, the burden then shifts to the non-movant. *Id.*

The party opposing summary judgment cannot rest on the pleadings but must go beyond the pleadings and "designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). The non-movant must set forth specific facts from which a rational trier of fact could find in the non-movant's favor, identifying those facts in affidavits, deposition transcripts, or incorporated exhibits. *Adler*, 144 F.3d at 671. The party cannot rest on ignorance of the facts, speculation, or unsubstantiated conclusory allegations. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003). "A fact is 'disputed' in a summary-judgment proceeding only if there is contrary evidence or other sufficient reason to disbelieve it; a simple denial, much less an assertion of ignorance, does not suffice." *Grynberg v. Total S.A.*, 538 F.3d 1336, 1345 (10th Cir. 2008).

III. Freedom of Information Act

Congress enacted FOIA as a means "to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976). As the United States Supreme Court has "consistently recognized, the basic objective of the Act is disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979). At the same time, the statute represents a "balance [of] the public's interest in governmental transparency against legitimate governmental and private interests that could be harmed by release of certain types of information." *United Techs. Corp. v. U.S. Dep't of Def.*, 601 F.3d 557, 559 (D.C. Cir. 2010) (citations omitted). Reflecting that balance, FOIA contains nine exemptions to disclosure set forth in 5 U.S.C. § 552(b)(1)-(9).

Under FOIA, the government agency has the burden of proving the requested information was either produced or falls within one of the nine exemptions. 5 U.S.C. § 552(a)(4)(B); *see also*

6

*Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) ("Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"). To satisfy this burden, an agency in possession of material it considers exempt from FOIA must "provide the requestor with a description of each document being withheld, and an explanation of the reason for the agency's nondisclosure." *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996). This can be accomplished by providing the requestor with sufficiently detailed affidavits or declarations, or by providing a *Vaughn* index, which is "a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Health and Human Servs.*, 907 F.2d 936, 940, n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

FOIA claims are typically resolved on summary judgment, provided the above standard is satisfied. *See KTVY-TV v. United States*, 919 F.2d 1465, 1468 (10th Cir. 1990). In addition, in a FOIA action challenging an agency decision to withhold information, the court reviews the agency's decision *de novo*. *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002).

IV. Analysis

    A. *Exhaustion of Administrative Remedies*

"Generally, a plaintiff must exhaust [his] administrative remedies under FOIA before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011) (citations omitted). To exhaust administrative remedies, a plaintiff must request specific information in accordance with published administrative procedures and appeal any improperly refused request to the head of the

agency. 552 U.S.C. § 552(a)(6)(A); *Judicial Watch v. F.B.I.*, 190 F. Supp. 2d 29, 32-33 (D.C. Cir. 2002).

Throughout this case, the parties have agreed that Plaintiff's December 15, 2013, letter was his appeal of Defendant's response to his FOIA request. *See* (Doc. 1-2 at 2 and 4, Plaintiff's Complaint stating he filed his appeal on December 15, 2013); *see also* (Doc. 5 at 4, Defendant's memorandum in support of its motion to dismiss), (Doc. 9 at 1, Plaintiff's response to Defendant's motion to dismiss), and (Doc. 15, Defendant's reply to its motion to dismiss) (all stating Plaintiff's December 15, 2013, letter was his FOIA appeal). Indeed, in the Court's Order on Defendant's motion to dismiss, the Court noted that Plaintiff's December 15, 2013, letter was his FOIA appeal, (Doc. 24 at 2), and found that Plaintiff had constructively exhausted his administrative remedies because Defendant failed to make a timely determination on the appeal, *id.* at 6-9.

Now, however, the parties dispute the scope of Plaintiff's FOIA appeal. Defendant contends that Plaintiff has only appealed the documents attached to his December 15, 2013, letter (Exhibits A-D). (Doc. 35 at 3-4, 7). But Plaintiff asserts that his October 1, 2013, letter asking to pursue the EO 12600 process was a FOIA appeal. For example, in his Motion for Summary Judgment, Plaintiff refers to his October 1, 2013, letter as his "Appeal pursuant to EO 12600, regarding the exemptions 4, 5, and 7 related to the 18 documents withheld." (Doc. 34 at 2). In his Reply/Response to Defendant's Cross Motion, Plaintiff states that Defendant never addressed his appeal of the 18 withheld documents, and that Defendant also improperly redacted 33 pages that were attached to Plaintiff's October 1, 2013, letter. (Doc. 40 at 1); (Doc 40-1 at 10-43).

Although an agency should construe FOIA requests and appeals liberally, the scope of a request or an appeal must be "reasonably described" or "reasonably apparent" to the agency. *See*

8

5 U.S.C. § 552(a)(3) (stating a FOIA requestor must "reasonably describe[]" the records sought); *Stein v. U.S. Sec. and Exch. Comm.*, 266 F. Supp. 3d 325, 336 (D.C. Cir. 2017) (explaining that the scope of a FOIA appeal must be "reasonably apparent" to the agency). A FOIA "request reasonably describes records if the agency is able to determine precisely what records are being requested." *Kwalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (citation omitted); *see also Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 59, 64 (D.C. Cir. 2003) ("[A]n agency processing a FOIA request is not required to divine a requestor's intent.").

Here, Plaintiff's October 1, 2013, letter, (hereinafter, the "EO 12600 letter"), does not comply with Defendant's appeal process because it: (1) does not provide any grounds for an appeal; (2) does not state that it is a FOIA appeal; and (3) was not sent to the Solicitor of Labor at the Washington, D.C. address for appeals. *See* (Doc. 35-2 at 3); (Doc. 35-3 at 1). Instead, Plaintiff stated he "is writing to request the additional documents covered by EO 12600 process." (Doc. 35-3 at 1). While Plaintiff further stated he would like "all" the information withheld pursuant to Exemptions 4, 5, and 7(c), Defendant explained in its December 5, 2013, response to the EO 12600 letter that "Exemption 5(c) and Exemption 7(c) are not part of an EO 12600 process," and that it was only providing documents that were disclosable under Exemption 4 pursuant to the EO 12600 process. (Doc. 35-4). The Court therefore finds that it is not reasonably apparent that Plaintiff's EO 12600 letter was a FOIA appeal.

In contrast, Plaintiff's December 15, 2013, letter is titled "Freedom of Information Act Appeal," provides specific grounds for Plaintiff's appeal of four documents, and is correctly addressed to the Solicitor of Labor in Washington, D.C. (Doc. 35-5 at 1) ("I am filing this appeal for discloser [sic] of the following documents marked EXHIBITS 'A'-'D', attached to this appeal."). This is the only evidence in the record of a FOIA appeal. Moreover, because Plaintiff

9

narrowed the scope of his appeal to Exhibits A-D, it is not reasonably apparent that he intended to appeal the withholding of any other information.

Based on the foregoing, the Court finds that Plaintiff's EO 12600 letter was not a proper appeal of his FOIA request. The Court further finds that Plaintiff's December 15, 2013, letter, (hereinafter "FOIA appeal"), was limited in scope to Exhibits A-D. Therefore, Plaintiff has not exhausted his administrative remedies as to any documents other than Exhibits A-D attached to his FOIA appeal.

### B. *Prudential Subject Matter Jurisdiction*

Even though Plaintiff has not exhausted his administrative remedies as to any documents other than those specified in his FOIA appeal, exhaustion of administrative remedies is "a prudential consideration rather than a jurisdictional prerequisite." *Hull*, 656 F.3d at 1181-82 (explaining that, under FOIA, courts take exhaustion into account in determining whether to exercise subject matter jurisdiction). Nevertheless, "exhaustion remains a hurdle that FOIA plaintiffs must generally clear in order to obtain relief through the courts." *Id.* at 1183. Therefore, to determine whether the Court can consider Plaintiff's claims regarding documents other than those specified in his FOIA appeal, the Court must consider whether "the purposes of exhaustion" and the "particular administrative scheme" support judicial review. *Id.* (quoting *Hidalgo v. F.B.I.* 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)).

The purposes of exhaustion under FOIA are to: (1) prevent premature interference with agency processes; (2) afford the parties and the Court the benefit of the agency's experience and expertise; and (3) compile a record which is adequate for judicial review. *Id.* In addition, "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id.* Here, in both Plaintiff's EO 12600 letter and his FOIA appeal, Plaintiff failed to provide grounds

for appealing any documents other than Exhibits A-D. *See* (Docs. 35-3, 35-5, and 35-6). As such, Defendant has not had an opportunity to address Plaintiff's claim that it improperly withheld or redacted documents other than Exhibits A-D. This leaves Plaintiff and the Court without the benefit of Defendant's experience and expertise as to these documents or an adequate record for judicial review.

For these reasons, the Court finds the purposes of exhaustion under FOIA have not been met for documents that were not part of Plaintiff's FOIA appeal. Indeed, this case is similar to many cases where courts have found a lack of prudential subject matter jurisdiction where a plaintiff failed to file an appeal in accordance with the agency's requirements. *See, e.g., Toensing v. U.S. Dep't of Justice*, 890 F. Supp. 2d 121, 136 (D.C. Cir. 2012) (explaining that "[f]ailure to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review," because this denies agency "an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process"); *Adamo v. Romero*, No. CV 15-971 JB/GBW, 2016 WL 7494280, at *6 (D.N.M. Apr. 27, 2016) (unpublished) (finding no prudential subject matter jurisdiction because plaintiff did not file appeal of her adverse FOIA determinations); *Eames v. United States*, No. 13-CV-00040-DBP, 2014 WL 4803160, at *3-4 (D. Utah Sept. 26, 2014) (unpublished) (same); *Watters v. U.S. Dep't of Justice*, No. 10-CV-270-GKF-PJC, 2013 WL 4482968, at *7-8 (N.D. Okla. Aug. 20, 2013) (unpublished) (finding plaintiff's letter to agency requesting appeal of agency's FOIA response did not constitute exhaustion of administrative remedies because plaintiff did not follow agency's additional instructions for perfecting appeal).

In addition, this case is distinguishable from *Hull v. I.R.S.*, where the Tenth Circuit found the district court had prudential subject matter jurisdiction over the plaintiffs' FOIA claims. In *Hull*, the plaintiffs challenged the agency's requirement for a third-party's authorization before it would process their FOIA request. 656 F.3d at 1180-82. The Tenth Circuit explained that the plaintiffs "have done all they could to challenge the IRS's adverse determination" because, even if the plaintiffs appealed the agency's decision, the agency's response would have been the same. *Id.* at 1181-83. Therefore, the Tenth Circuit concluded that the purposes of exhaustion under FOIA had been served "because Plaintiffs did not bypass the administrative review process but pursued it to its end." *Id.* at 1183 (citation omitted). Here, however, Plaintiff has not pursued the FOIA appeal process to its end with regard to any documents other than Exhibits A-D, and he has not shown that an appeal of the remaining documents would necessarily be denied. *See, e.g., Porter v. C.I.A.*, 579 F. Supp. 2d 121, 126 (D.C. Cir. 2008) (explaining that requestor may refile FOIA request which will restart FOIA process, but that "all new requests . . . remain subject to the exhaustion requirement"); *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (finding the plaintiff properly exhausted his administrative remedies by filing untimely appeal that agency accepted and processed).

Based on the foregoing, the Court finds that it lacks prudential subject matter jurisdiction over any documents other than Exhibits A-D attached to Plaintiff's FOIA appeal. Therefore, Plaintiff's claims as to those documents shall be dismissed without prejudice. *See Hayward v. Brill*, 163 Fed. Appx. 667, 669 (10th Cir. 2006) (unpublished) (stating that dismissal for failure to exhaust administrative remedies should be without prejudice, allowing plaintiff to re-file claim after curing deficiencies).

C. *Defendant's Compliance With FOIA*

Having determined that Plaintiff exhausted his administrative remedies for Exhibits A-D attached to his FOIA appeal, the Court next considers whether Defendant fulfilled its FOIA obligations as to those documents. Defendant states the only remaining redactions to those documents are pursuant to Exemption 6. (Doc. 35 at 7-8); (Doc. 35-8). Defendant argues the redacted information complies with the requirements of Exemption 6 because it is similar to that contained in personnel and medical files and Defendant only redacted information directly attributable to specific individuals. (Doc. 35 at 9). Defendant further contends release of this information would constitute a clearly unwarranted invasion of privacy interests and serve no public purpose. *Id.* at 9-10.

Under Exemption 6, a governmental agency is not required to release information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). "Similar files" has been interpreted broadly and "encompasses all information that applies to a particular individual." *Forest Guardians v. U.S. F.E.M.A.*, 410 F.3d 1214, 1217 (10th Cir. 2005). In ascertaining the applicability of Exemption 6, the Supreme Court has enumerated three principles:

> First, a court must balance the public interest in disclosure against the interest Congress intended the Exemption to protect. Second, the only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government. Third, whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made.

*U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495-96 (1994) (citations omitted). Exemption 6's protection "encompass[es] the individual's control of information concerning his or her person." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the*

*Press*, 489 U.S. 749, 763 (1989). "That information includes the prosaic (*e.g.*, place of birth and date of marriage) as well as the intimate and potentially embarrassing." *Painting and Drywall Work Pres. Fund, Inc. v. Dep't of Housing and Urban Dev.*, 936 F.2d 1300, 1302 (D.C. Cir. 1991).

Defendant explains in its *Vaughn* index that it redacted (1) the home addresses and phone numbers of NMDWS employees, and (2) private information in emails between NMDWS and a federal employee. (Docs. 35-8, 35-9). Plaintiff states he does not oppose the redactions to individuals' names, but that "the blanket exception cannot be asserted to all of the contents of the 18 documents as a whole." (Doc. 34 at 8). Plaintiff further states that, as to the seven pages produced in September 2018, the redactions "were largely inappropriately completely redacted despite [Defendant's counsel's] oral telephonic communication that he would provide un-redacted documents." *Id.*

First, as set forth above, Plaintiff only exhausted his administrative remedies for the exhibits that were attached to his FOIA appeal, so the issue of whether Exemption 6 was properly applied to any additional documents is not before the Court. As for the documents that were the subject of Plaintiff's FOIA appeal, they are not "completely redacted" as Plaintiff contends. To the contrary, in response to Plaintiff's appeal Defendant removed a significant number of redactions to those documents, leaving only redactions to home addresses, phone numbers, names, and other information that is directly attributable to individuals other than Plaintiff. *See* (Doc. 35-8 at 4-7), (Doc. 35 at 9).

In addition, the Court agrees with Defendant that there is a privacy interest in this withheld information and that disclosure would be an unwarranted invasion of personal privacy. *See, e.g., Reporters Comm. for Freedom of the Press*, 489 U.S. at 765 ("[D]isclosure of records

regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind."); *Painting and Drywall Work Pres. Fund, Inc.*, 936 F.2d at 1303 (Exemption 6 protects personal information contained in payroll records); *Stabasefski v. United States*, 919 F.Supp. 1570, 1575 (M.D. Ga. 1996) ("Courts have consistently recognized that a federal employee has a substantial privacy interest in his or her name and address."). Moreover, because the redacted information reveals little or nothing about Defendant or its conduct, it "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773, 775 (explaining that FOIA's purpose "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct"). Therefore, because Defendant properly redacted information pursuant to Exemption 6 in its response to Plaintiff's FOIA appeal, the Court will dismiss Plaintiff's claims as to those documents with prejudice.

### D. Plaintiff's Timeliness Claim

Next, the Court addresses Plaintiff's claim that Defendant violated FOIA because it did not provide a timely response to Plaintiff's FOIA appeal. (Doc. 34 at 10). Defendant does not respond to this claim in its Response/Cross Motion for Summary Judgment.

Under FOIA, government agencies have twenty working days to make a determination with respect to an appeal of a denial of a request for public records. 5 U.S.C. § 552(a)(6)(A)(ii). If an agency is unable to make a determination within this time period, the agency may request one ten-day extension or ask the requestor to clarify the issues raised on appeal. *Id.* These time periods may be further extended in "unusual circumstances" upon written notice to the requestor stating the date upon which a determination by the agency is expected. 5 U.S.C. § 552(a)(6)(B). This notice shall also provide the requestor an opportunity to limit the scope of the request and

notify the requestor of the right to seek dispute resolution services from the Office of Government Information Services. *Id.*

In this case, Defendant responded to Plaintiff's FOIA appeal within twenty days by acknowledging receipt of the appeal and stating it was being processed. (Doc. 35-7). However, as previously held by this Court, Defendant's response did not satisfy FOIA's statutory requirements because Defendant did not determine whether to produce additional information or deny Plaintiff's FOIA appeal. *See* (Doc. 24 at 6-9) (finding that Plaintiff constructively exhausted his administrative remedies because Defendant failed to make timely determination on appeal). In addition, there is no evidence before the Court that Defendant requested any extensions due to unusual circumstances or provided Plaintiff with an opportunity to limit his request or seek dispute resolution services. Therefore, Defendant failed to comply with FOIA's timeliness requirements in response to Plaintiff's FOIA appeal.

Nevertheless, before Plaintiff filed his Motion for Summary Judgment, Defendant produced information responsive to Plaintiff's FOIA appeal. "The only question for summary judgment is whether the agency finally conducted a reasonable search, and whether its withholdings are justified. When exactly a reasonable search was conducted is irrelevant." *Hornbostel v. U.S. Dep't of Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003) (citations omitted); *see also Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("[H]owever fitful or delayed the release of information under the FOIA may be . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.") (citation omitted). Defendant released all nonexempt information

pursuant to Plaintiff's FOIA appeal. Accordingly, the Court finds that Plaintiff's timeliness claim is moot.[2]

### E. *Attorney's Fees*

Finally, Plaintiff asks the Court to assess attorney's fees that Plaintiff incurred in bringing this case. (Doc. 34 at 10-11). Plaintiff states he is entitled to attorney's fees because Defendant failed to respond to his appeal for almost five years. *Id.* Defendant responds that Plaintiff's attorney's fees request is premature because Plaintiff has not substantially prevailed and because Defendant responded to Plaintiff's FOIA appeal by providing less-redacted copies of the documents at issue. (Doc. 35 at 10-11). Plaintiff does not address his request for attorney's fees in his Reply.

"Assessment of attorney's fees in a FOIA case is discretionary with the district court." *Anderson v. Sec. of Health and Human Res.*, 80 F.3d 1500, 1504 (10th Cir. 1996). In applying for an award of FOIA attorney's fees, a plaintiff must first establish he is eligible for an award by showing that he "substantially prevailed" on his claim. *Id.* (citing 5 U.S.C. § 552(a)(4)(E)(i)). A plaintiff substantially prevails through either: "(1) a judicial order, or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

Here, there has been no court order, enforceable written agreement, or consent decree for the production of the requested information, and there is no evidence that the information was

---

[2] When a plaintiff alleges that an "agency has engaged in a pattern or practice of withholding documents in response to FOIA requests, belated production will not moot the plaintiff's claims, and the failure to comply with the statutory deadlines, in and of itself, may constitute a violation of FOIA." *Info. Network for Responsible Mining v. Dep't of Energy*, No. CIV. 06-CV-02271-REB, 2008 WL 762248, at 3, n.5 (D. Colo. Mar. 18, 2008) (unpublished). However, because Plaintiff does not assert an ongoing pattern or practice of tardy compliance, Defendant's belated release of all non-exempt information renders Plaintiff's timeliness claim moot. *See id.* (finding the agency's failure to comply with FOIA's statutory deadlines was irrelevant because the agency finally responded to the plaintiffs' FOIA request and the plaintiffs did not assert an ongoing pattern or practice of tardy compliance).

produced by any voluntary or unilateral change in position by Defendant. Instead, Plaintiff argues he should be awarded attorney's fees because Defendant did not respond to his FOIA appeal for close to five years. (Doc. 34 at 10). The Court is sympathetic that there was a significant delay in Defendant's response to Plaintiff's FOIA appeal. Nevertheless, to show that he substantially prevailed, Plaintiff must demonstrate the litigation caused the agency to release the information, and "causation requires more than correlation." *Grand Canyon Trust v. Zinke*, 311 F. Supp. 3d 381, 388 (D.D.C. 2018); *see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 83 F. Supp. 3d 297, 307 (D.D.C. 2015) (stating "the sole question" in FOIA attorney's fees cases "is whether the plaintiff's lawsuit was *necessary* for its attainment of the requested documents"). Plaintiff makes no argument or showing that Defendant produced the requested information due to anything other than Defendant's consideration and processing of Plaintiff's FOIA appeal. Therefore, the Court finds that Plaintiff has not established that he substantially prevailed on his FOIA claim.

Even if the Court were to find that Plaintiff substantially prevailed on his FOIA claim, the Court must next determine whether he is entitled to a fee award. *See Gowan v. U.S. Dep't of the Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998) ("In the FOIA attorney's fee context, we have held that a plaintiff must establish both that he or she is eligible for an attorney's fee award and that he or she is entitled to it."). To determine whether a plaintiff is entitled to a fee award, the court must evaluate the following four factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law." *Anderson*, 80 F.3d at 1504 (citation omitted). Plaintiff makes no argument that his FOIA request was for the benefit of the public, and he provides no information

regarding the nature of his interest in the information. In addition, Defendant's withholding of the information was reasonable under the statutory exemptions. Accordingly, the Court finds that Plaintiff has not shown that he is entitled to attorney's fees. *See id.* (explaining that "the fee applicant bears the burden of establishing entitlement to an award"); *see also Maydak v. U.S. Dep't of Justice*, 579 F. Supp. 2d 105, 108-09 (D.D.C. 2008) (denying FOIA attorney's fees because plaintiff was sole beneficiary of released records, public held little, if any, interest in records, and agency did not exhibit bad faith by initially withholding them).

V. Conclusion

For the reasons stated above, the Court finds that Plaintiff exhausted his administrative remedies as to Exhibits A-D attached to his FOIA appeal, and that Defendant properly redacted those documents under Exemption 6. The Court further finds that Plaintiff did not exhaust his administrative remedies for any other documents. Therefore, Plaintiff's claims as to Exhibits A-D shall be dismissed with prejudice, and his remaining claims shall be dismissed without prejudice.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Summary Judgment*, (Doc. 34), is DENIED and *Defendants' Cross Motion for Summary Judgment*, (Doc. 35), is GRANTED. Plaintiff's claims regarding Exhibits A-D attached to his December 15, 2013 FOIA appeal, (Docs. 35-5 and 35-6), are DISMISSED WITH PREJUDICE, and Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE